## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Elaine L. Chao,
Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.                                                    Case No. 08-2501-JWL

Concrete Management Resources, L.L.C.
and William Friend,

      Defendants.

## MEMORANDUM & ORDER

Plaintiff filed this wage and hour suit against defendants alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. In her complaint, plaintiff alleges that defendant Concrete Management Resources, L.L.C. (CMR) was formerly known as Concrete Masonry & Restoration, L.L.C. Defendant CMR has moved to dismiss the complaint on the grounds that it is not a proper party to this action. Specifically, CMR contends that it has never operated as Concrete Masonry & Restoration, L.L.C. and that CMR is a separate legal entity from Concrete Masonry & Restoration, L.L.C. Simply put, CMR contends that any FLSA violations were committed by Concrete Masonry & Restoration., L.L.C. and that CMR has no relationship with that entity.

In response, plaintiff has moved for leave to amend her complaint to add Concrete Masonry & Restoration, L.L.C. as a defendant and to allege that CMR is a successor in interest

to Concrete Masonry & Restoration, L.L.C.[1]  While CMR concedes that the proposed amendment would render its motion to dismiss moot, CMR contends that the court should nonetheless deny plaintiff's motion to amend on grounds of futility.  According to CMR, the proposed amended complaint would not withstand a motion to dismiss for failure to state a claim upon which relief may be granted because the proposed amended complaint lacks "specific factual allegations" to support a theory of successor liability.  While CMR's submissions are not entirely clear, it appears to also suggest that the amendment is futile because the Tenth Circuit has not recognized successor liability under the FLSA.  As will be explained, the court rejects both these arguments and, thus, grants plaintiff's motion for leave to amend her complaint and denies CMR's motion to dismiss as moot.

The Federal Rules of Civil Procedure provide that the court "should freely give leave [to amend] when justice so requires." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)).  The court is not required to grant leave to amend, however, if amendment would be futile.  *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Id.* (citing *Anderson*, 499 F.3d at 1238).

CMR's primary challenge to the proposed amended complaint is that the complaint simply parrots the factors relevant to a finding of successor liability without setting forth specific

---

[1]Plaintiff also seeks leave to amend her complaint to remove William Friend as a defendant.  In the absence of any objection, the court grants plaintiff leave to amend her complaint in this respect.

facts supporting those factors. The pertinent paragraph of plaintiff's proposed amended complaint (which, for clarification, refers to defendant CMR as "CMR II" and refers to Concrete Masonry & Restoration, L.L.C. as "CMR I") states as follows:

> Defendant CMR II is a successor in interest to Defendant CMR I. A substantial continuity of business operations exists between Defendants CMR I and CMR II in areas such as the line of work, the employees, the location, the contracts, the management, and the name. Defendant CMR II had notice of the overtime violations. Defendant CMR II has the ability to provide relief to the employees who worked overtime while employed by Defendant CMR I.

To survive CMR's challenge, plaintiff's complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests,' and the factual allegations must plausibly suggest that the plaintiffs have a right to relief, raising that possibility above a 'speculative level.'" *Retirement Plan of Unite Here Nat'l Retirement Fund v. Kim*, 2009 WL 413077, at *1 (N.D. Ill. Feb. 17, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's complaint clearly alleges sufficient facts to provide CMR with fair notice of her successor liability claim and, taking her allegations as true, it is plausible that CMR is Concrete Masonry & Restoration, L.L.C.'s successor in interest. To the extent CMR suggests that successor liability claims are subject to a heightened pleading standard, it directs the court to no authority supporting that argument and, indeed, the vast majority of cases have held that such claims are not subject to a heightened pleading requirement. *See Kim*, 2009 WL 413077, at *2 n.1 (successor liability claims not subject to Rule 9); *Premier Pork L.L.C. v. Westin, Inc.*, 2008 WL 724352, at *4 (D.N.J. Mar. 17, 2008) ("In the few cases where courts have reviewed the factual allegations upon which successor liability is

3

premised, they have done so under the liberal notice pleading standards of Rule 8(a), even where a plaintiff bases its successorship claim on a fraudulent transfer theory."); *Wilmington Fin., Inc. v. Blue Star Fin. Servs., Inc.*, 2008 WL 144192, at \* (E.D. Pa. Jan. 9, 2008) (where complaint alleged "basic facts necessary" to support successor liability theory, claim satisfied *Twombly*); *Kuhns Bros., Inc. v. Fushi Int'l, Inc.*, 2007 WL 2071622, at \*5 (D. Conn. July 16, 2007) (plaintiff need not plead specific facts to establish any of the factors pertinent to a finding of successor liability; bare allegation that defendant is a successor in interest is sufficient to satisfy Rule 8).

  CMR also suggests that plaintiff's allegations relating to successor liability are inappropriately tied to a standard utilized by the Ninth Circuit in *Bates v. Pacific Maritime Ass'n*, 744 F.2d 705 (9th Cir. 1984) rather than to any standard for successor liability recognized by the Tenth Circuit. The court again disagrees. The Ninth Circuit in *Bates* identified three factors bearing on the appropriateness of successor liability in the Title VII context: (1) continuity in operations and work force; (2) notice to the successor employer of its predecessor's legal obligation; and (3) the ability of the predecessor to provide adequate relief directly. Notably, the Ninth Circuit in *Bates*, in setting forth those factors, cited to the Tenth Circuit's opinion in *Trujillo v. Longhorn Manufacturing Co.*, 694 F.2d 221, 224 (10th Cir. 1982). In that case, the Tenth Circuit expressly adopted the "*MacMillan* factors" in analyzing a successor corporation's liability under Title VII. *Trujillo*, 694 F.2d at 225 (citing *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974)). Those factors include whether the successor company had notice of the charge; the ability of the predecessor to provide relief;

and whether there has been a substantial continuity in operations, work force, location, management, working conditions and methods of production. *Id*. at 225 n.3 (citing *MacMillan,* 503 F.2d at 1094). Thus, the allegations in the proposed amended complaint concerning successor liability are appropriately tied to the factors deemed relevant by the Tenth Circuit in *Trujillo*.[2]

Finally, CMR's response to the motion for leave to amend could be construed as suggesting that amendment is futile because the Tenth Circuit has not recognized successor liability under the FLSA. This argument is rejected. The Tenth Circuit has not rejected the application of successor liability under the FLSA;[3] it simply has not addressed the issue. Indeed, only one Circuit Court of Appeals has addressed the issue and it held, with no difficulty whatsoever, that successorship liability exists under the FLSA. *Steinbach v. Hubbard*, 51 F.3d 843 (9th Cir. 1995). As explained by the Ninth Circuit in *Steinbach*,

> Successorship liability was originally adopted under the NLRA to avoid labor unrest and provide some protection for employees against the effects of a sudden change in the employment relationship. *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 182-85 (1973); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 549 (1964). In deciding to extend successorship liability to other contexts, courts have recognized that extending liability to successors will sometimes be necessary in order to vindicate important statutory policies favoring

---

[2]While plaintiff's proposed amended complaint speaks to the successor employer's ability to provide relief rather than the predecessor's ability to provide relief, the proposed amended complaint also alleges that Concrete Masonry & Restoration is no longer in business, suggesting that it would be unable to provide relief directly.

[3]In fact, defendant does not direct the court to any cases that have refused to recognize the concept of successor liability in the context of the FLSA and the court's own research has not uncovered any such cases.

5

> employee protection. *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1326-27 (7th Cir. 1990); *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 746 (7th Cir. 1985); *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir.1974). Where employee protections are concerned, "judicial importation of the concept of successor liability is essential to avoid undercutting Congressional purpose by parsimony in provision of effective remedies." *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1237 (7th Cir.1986).

*Id*. at 845. The Ninth Circuit easily concluded that the same analysis utilized by federal courts in justifying the extension of potential liability to successor employers under the NLRA, Title VII, 42 U.S.C. § 1981, the ADEA, ERISA and the Multiemployer Pension Plan Amendments Act (MPPAA) justified the application of the successorship doctrine under the FLSA as well. *Id.* (the fundamental purpose of the FLSA is "as fully deserving of protection as the labor peace, anti-discrimination, and worker security policies" underlying other statutes).

The court believes that the Tenth Circuit, if faced with the issue, would conclude that successor liability exists under the FLSA. Indeed, the Circuit had little difficulty extending the doctrine to the Title VII context–long before the Ninth Circuit's decision in *Steinbach*. *Trujillo*, 694 F.2d at 224-25. In doing so, the Circuit emphasized that the "same policy considerations" supporting the application of the doctrine in the labor law context mandated the application of the doctrine to remedy violations of Title VII. *Id*. at 224. The Circuit also cautioned, however, that "successor liability is not automatic but should be determined on a case by case basis" through application of the "*MacMillan* factors," including whether the successor company had notice of the charge; the ability of the predecessor to provide relief; and whether there has been a substantial continuity in operations, work force, location, management, working conditions and methods of production. *Id*. at 225 & n.3. The court, then, rejects defendant's suggestion that

6

plaintiff's amendment is futile because the Tenth Circuit has not recognized the theory of successor liability under the FLSA.[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for leave to amend her complaint (doc. 7) is **granted** and defendant's motion to dismiss (doc. 5) is **moot.**

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff, no later than **Wednesday, March 11, 2009**, shall file the amended complaint attached as Exhibit 1 to her motion for leave to amend her complaint.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2009, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge

---

[4]CMR also contends that the court should deny plaintiff leave to amend her complaint because the proposed amendment prejudices CMR to the extent plaintiff seeks to impose on CMR obligations that it has not assumed. *See Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (leave to amend should be refused on a showing of undue prejudice to the opposing party). In essence, CMR complains that the proposed amendment exposes CMR to greater liability–a type of prejudice that is insufficient to deny a motion to amend. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1487, at 629 (2d ed. 1990).